IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILLIE EARL CURRY                                                                    PLAINTIFF

V.                                                                   CIVIL ACTION NO.: 3:19-CV-251-SA-JMV

ROGER SETTLEMIRES and
ATTORNEY GENERAL JIM HOOD                                             RESPONDENTS

ORDER

The Petitioner, Willie Earl Curry, initiated this action by filing his Petition for Writ of
Habeas Corpus [1] on November 12, 2019. The Respondents filed a Motion to Dismiss [5] on
April 20, 2020. On January 26, 2021, Magistrate Judge Virden entered a Report and
Recommendation [22], wherein she recommended that the Respondents' Motion [5] be granted
and the Petition be dismissed. Curry has filed an Objection [25], which has now been fully
briefed. The Court is prepared to rule.

*Standard of Review*

"Where objections to a report and recommendation have been filed, a court must conduct
a 'de novo review of those portions of the . . . report and recommendation to which the
Defendants specifically raised objections. With respect to those portions of the report and
recommendation to which no objections were raised, the Court need only satisfy itself that there
is no plain error on the face of the record.'" *Anderson v. Morris*, 2017 WL 4335017, *1 (N.D.
Miss. Sept. 29, 2017) (quoting *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D.
Tex. 2009)) (additional citation omitted). But "frivolous, conclusive, or general objections need
not be considered by the district court." *Id*. (quoting *Battle v. U.S. Parole Comm'n*, 834 F.2d
419, 421 (5th Cir. 1987)).

*Analysis and Discussion*

In the Report and Recommendation [22], after setting forth the factual and procedural background of this case in great detail, Magistrate Judge Virden determined that the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which is codified at 28 U.S.C. § 2244, is applicable, barring Curry's request for *habeas* relief. Curry objects to the Report and Recommendation [22]. In his Objection [25], Curry again asserts, as he did in response to the State's Motion [5], that he was improperly sentenced as a habitual offender pursuant to Mississippi Code Section 99-19-81. The Petitioner attached to his Objection [25] a memorandum on letterhead from the Offender Management Division of the Nevada Department of Corrections. *See* Objection [25], Exh. 1. The memorandum lists Willie Curry as the "subject" and provides a "date of incarceration" of January 23, 1989 and a "discharge movement date" of December 22, 1996. Curry asserts that the memorandum establishes that he was in custody at the time of the prior offenses that were utilized to qualify him as a habitual offender and that he therefore could not possibly have committed those offenses. He consequently contends that the "fundamental miscarriage of justice" exception to the procedural bar of the AEDPA is applicable, therefore permitting him to proceed to the merits of his claim.

In pertinent part, the AEDPA provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Curry does not dispute that the present Petition [1] was filed beyond the time period allotted by the above-referenced language of the AEDPA. However, he asserts that he should nevertheless be permitted to proceed pursuant to the "fundamental miscarriage of justice" exception to the AEDPA.

The "fundamental miscarriage of justice" or "actual innocence" exception "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *U.S. v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014) (quoting *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993)). As Curry candidly admits, the Supreme Court has previously held that "[t]he miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 569 U.S. 383, 394-95, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). "The [actual innocence] gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial[.]" *Id.* (citation omitted). The Supreme Court, recognizing that claims of actual innocence are rare, has specifically noted that "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable

3

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

In his Objection [25], after emphasizing the memorandum received from the Nevada Department of Corrections, Curry asserts that "[h]ad [he] had sufficient counsel in the previous proceedings, [his] counsel would have been able to argue the prior felony convictions presented by the State were of another individual and not Willie Earl Curry in this action. Counsel during the sentencing proceedings would have been able to realize that there was an objection to be made." [25], p. 2. Despite Curry's assertion on this point, the State correctly points out that Curry's trial counsel actually did object on this issue at his sentencing hearing—that objection, however, was overruled after the trial court accepted documentation, heard testimony, and heard arguments from both sides. *See* State Court Record [6], Volume 6, p. 495-529. The Court therefore rejects Curry's assertion on that point, as it is simply factually inaccurate.

Regarding the memorandum from the Nevada Department of Corrections, the State first contends that it should not be considered due to the untimely nature which Curry has come forward with it. *See Finley v. Johnson*, 243 F.3d 215, 219 n. 3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge.") (citing *U.S. v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). The Court recognizes the fact that Curry only filed the memorandum for the first time when he filed the present Objection [25]. Even setting aside that deficiency, however, the Court finds that the memorandum does not justify the relief Curry requests. As noted above, the memorandum lists Willie Curry as the "subject," provides a "date of incarceration" of January 23, 1989, and provides a "discharge movement date" of December 22, 1996. Importantly, it does not list any other identifying information, such as Curry's date of birth or social security number.

Thus, other than appearing to be a certified document, it provides no further support for Curry's contention than did the letter considered by Magistrate Judge Virden. This Court finds that the memorandum provided by Curry is insufficient to clear the high hurdle of the "actual innocence" exception to the AEDPA, particularly when considered in light of the fact that this underlying issue was argued *and rejected* by the trial court at sentencing.[1]

Ultimately, as noted above, the "actual innocence" exception to the AEDPA's one-year statute of limitations is extremely narrow. The Court, having reviewed the record and applying a *de novo* standard of review, finds that the exception is inapplicable in this case and the one-year limitation period is controlling. Because Curry failed to comply with that procedural requirement, the present Petition [1] was untimely filed and therefore must be dismissed.[2]

*Conclusion*

For the reasons stated, the Petitioner's Objection [25] is OVERRULED. The Magistrate Judge's Report and Recommendation [22] is hereby ADOPTED IN FULL. The Motion to Dismiss [5] is GRANTED. This CASE is CLOSED.

SO ORDERED, this the 22nd day of March, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE

---

[1] Curry also makes a brief reference in his Objection [25] to the State's purported failure to exhaust efforts to collect sufficient evidence as to his identity concerning the prior convictions. However, Curry provides no authority to support this argument. The record reflects that the discrepancies in dates of birth and social security numbers were addressed by the trial court, and testimony was provided to explain the discrepancies. Curry has provided nothing to establish that the State intentionally misled the trial court, and this Court rejects that assertion.
[2] As to the other issues addressed in the Report and Recommendation [22] to which Curry did not object, the Court has reviewed the record and Magistrate Judge's findings and is satisfied that there is no plain error. *See Anderson*, 2017 WL 4335017 at *1.